IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Carey, ) | |
| ) | C/A No. 2:11-2875-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Dr. Drago, Evans CI; Dr. McRee, ) | |
| McCormick CI; Nurse Andrews, ) | |
| McCormick CI; and Dr. Thomas ) | |
| Moore, Director of Medical, SCDC ) | |
| Headquarters, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Billy Carey is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at McCormick Correctional Institution in McCormick, South Carolina. On October 24, 2011, Plaintiff, proceeding pro se, filed the within action, alleging that he had been denied medical care in violation of his constitutional rights. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling.

Defendants filed a motion for summary judgment on April 5, 2012. By order filed April 6, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed to respond to Defendants' motion. By order filed May 16, 2012, the Magistrate Judge granted Plaintiff an additional twenty days to respond to Defendants' motion for summary judgment. Plaintiff was advised that, if he failed to respond, the case would be subject to dismissal for failure prosecute. Plaintiff failed to respond to the Magistrate Judge's May 15, 2012 order. Accordingly, on June 11, 2012, the Magistrate Judge issued a Report and Recommendation in which she

recommended that the within complaint be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with the Magistrate Judge's order. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed *with prejudice* pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
July 9, 2012

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified of the right to appeal this order**
**pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**